IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

NORMAN LANDRY,
        Plaintiff,

v.           No. 1:25-cv-00187-MSM-PAS

MICHAEL QUINTALLA, et al
        Defendants.

ORDER

The instant case is the 10th that the Plaintiff, Norman Landry, has filed in this Court in the last 22 months. Half have been dismissed for failure to state a plausible federal claim for relief.[1] All of the previous cases have been filed against State Police, the cities of Pawtucket or East Providence and their Police Department, and/or members of those police forces, and often against Rhode Island Attorney

---

[1] Landry v. Pawtucket Police Dept., No. 23-cv-00264-WES, Landry v. Black Lives Matter, 23-cv-00267-WES, Landry v. R.I. State Police, No. 24-cv-00099-MSM, Landry v. Lt. Richardson, No. 24-cv-00437-MSM, Landry v. Toczko, No. 24-cv-00479-MSM, Landry v. Neronha, No. 24-cv-00534-MSM. In most of these, the Plaintiff was afforded the opportunity to amend the Complaint, but he did not choose to. In addition to these five, he filed Landry v. Neronha, No. 25-cv-00130-MRD, Landry v. Pawtucket Police, No. 25-cv-00131-MRD, and Landry v. Pawtucket Police, No. 25-cv-00132-JJM, all of which are awaiting plausible claim screening pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). In only one case, Landry v. Evans, No 24-cv-00533-MSM did he file an Amended Complaint. There has been no Motion to Dismiss filed in that matter.

General Peter Neronha. They have complained of a variety of alleged law enforcement excesses, and some have named as defendants persons acting on behalf of private entities in concert with police.

This Complaint is factually different, as it arises from an interaction between Mr. Landry and private citizens and businesses. Like many of the others it alleges that the East Providence police conspired with those individuals to deprive Mr. Landry of Fourth Amendment rights. From a legal perspective, though, it is much like most of the others: it fails to state a plausible federal claim for relief.

Mr. Landry complains that sometime in January or February of 2025, he was subjected to a "crucible" of abuse and "a torrent of verbal abuse" by defendant Michael Quintalla who owns Dent Fixx, a business located in East Providence. Mr. Landry was apparently working there, as he alleges that in February things had reached such an intolerable state that he was forced to resign from employment at Dent Fixx. At some point during his employment and with Mr. Quiintalla's consent, he purchased a car battery, on Dent Fixx's commercial account, from O'Reilly's Auto Parts. That battery may have been for his personal use. He alleges that he attempted to return it on April 26, 2025 because it was "faulty." The store manager, defendant Jesus (last name unknown, hereafter "Jesus") "obstructed" his warranty claim and Mr. Landry threatened to take his complaint all the way "to corporate." Things escalated abruptly after that. According to the Complaint, Mr. Quintalla directed Jesus to falsely complain to the East Providence Police that Mr. Landry was acting in a "disorderly" manner. The East Providence Police apparently responded and

"detained" Mr. Landry for an unspecified period of time while issuing what he termed a "baseless" no trespass order. These events are the factual underpinning for claims of a Fourth Amendment violation by East Providence, its Police Department and an unnamed John Doe officer. In addition, Mr. Landry claims a conspiracy to violate his civil rights, engaged in by the East Providence police, Mr. Quintalla, the manager Jesus, and Dent Fixx as a business entity.

Finally, Mr. Landry seeks to assert a private cause of action pursuant to 18 U.S.C. § 922(g) against East Providence for issuing Mr. Quintalla, who he describes as a "convicted felon" a permit to carry a firearm in spite of his alleged ineligibility; his claim embraces Attorney General Neronha under its umbrella for "turn[ing] a blind eye" to East Providence's wrongdoing. Mr. Landry further alleges that all of these nefarious activities were conducted in order to prejudice his chances of success in Landry v. Evans, No. 24-cv-00533, a pending lawsuit against an East Providence officer for detaining him in connection with an unregistered motor vehicle.

The instant complaint does not state a plausible federal claim for relief. And once again, the Court affords Mr. Landry thirty (30) days in which to remedy the following defects by amending his Complaint pursuant to Fed. R. Civ. P. 15. A failure to fix those defects will result in a dismissal of the Complaint. The Complaint suffers from the following:

1. With regard to the Fourth Amendment claim (Count I): If Mr. Quintalla deliberately concocted a false tale of disorderly conduct, and directed his employee to press it with the police, a state court claim of false imprisonment *might* lie against him, but police officers are entitled to rely on a citizen complaint and without an allegation that they knew the complaint was false, they are not liable for either acting without probable

cause or for false imprisonment. *Sietins v. Joseph,* 238 F. Supp.2d 366, 37 (D. Mass. 2003) (police reliance on citizen complaint was reasonable). Moreover, while the Department itself is named as a defendant, the Complaint includes no allegations that can even begin to satisfy the standard for liability against a municipality established by *Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 694 (1978). As for the private persons and businesses, they are alleged to have "fueled" the actions of the East Providence police, but that is not a cognizable legal claim for relief.

2. Count II alleges a conspiracy to violate Mr. Landry's civil rights, engaged in by Quintalla, Jesus, Dent Fixx, the East Providence officer, and Attorney General Neronha. First, there is no specific conduct alleged against the Attorney General and Mr. Landry's suspicion that he "turn[s] a blind eye" to unqualified gun permit applicants does not make out either a cause of action or proof of participation in a conspiracy. The elements of this cause of action, which must be pleaded, are: (1) the existence of a conspiracy, (2) a conspiratorial purpose to deprive a person of constitutional rights; (3) an overt act in furtherance, and (4) an injury or deprivation of a constitutionally protected right. *Aulson v. Blanchard,* 83 F.3d 1, 3 (1st Cir. 1996). A fifth element, that the motivation stem from "some racial, or perhaps otherwise class-based, invidiously discriminatory animus," has been added. *Id.,* quoting *Griffin v. Breckenridge,* 403 U.S. 88, 102 (1971). This Complaint is entirely lacking in any suggestion of racial animus. Moreover, there has been no agreement pleaded between any persons: Mr. Quintalla's alleged direction to Jesus to call the police, even if deliberately nefarious on Mr. Quintalla's part, was an order to an employee and does not manifest agreement by Jesus to engage in any unlawful conduct.

3. It is not clear whether Mr. Landry believes he has a cause of action under 18 U.S.C. § 922(g), under which he seeks injunctive relief in Count III. That is a criminal statute that bars possession of a firearm by a felon, among others. Nothing in the statute creates a private cause of action or gives Mr. Landry standing to object to the issuance of a permit to another person. Generally, a criminal statute does not confer authority on a private person to initiate a federal criminal proceeding nor does it provide a private action with a remedy. *Briand v. Lavigne,* 223 F. Supp.2d 241, 251 (D. Me. 2002) (construing 18 U.S.C. § 241).

Because Mr. Landry is proceeding *pro se,* the Court extends to him the opportunity to amend his Complaint no later than May 28, 2025, if he can cure these defects. In light of all Mr. Landry's previous complaints, the Court cautions him that the federal court cannot serve as a catch-all arbiter of all the grievances that Mr.

Landry directs against law enforcement and now against private citizens as well. It is indeed difficult for a lay person to discern the difference between a perceived "wrong" and a violation of federal statutory or constitutional rights, and there is a tendency to cast every interaction with law enforcement in Fourth Amendment terms. But lawsuits place a large burden on the limited resources of the federal courts and will not be allowed to proceed if they are frivolous.

If Mr. Landry files an Amended Complaint on or before May 28, 2025, it will be reviewed under 28 U.S.C. § 1915(e)(2)(B)(ii) and if found not to clearly state a federal claim for relief, it will be dismissed. The Motion to Proceed *In Forma Pauperis* (ECF No. 2) is deferred until that time.

IT IS SO ORDERED:

_____
Mary S. McElroy,
United States District Judge

May 5, 2025